STATE *vs.* CHARLES E. GORHAM.

York. Decided May 3, 1877.

*Intoxicating liquors.*

In the trial of an indictment for keeping a drinking-house and tippling-shop or for being a common seller of intoxicating liquors, the record of a former conviction for a single sale or upon a search and seizure complaint covering the same time charged in the indictment is competent evidence.

The construction to be given to such record is for the court; the force and effect and the inferences to be drawn from the facts established by the record are for the jury.

A requested instruction not based upon the evidence may be properly refused.

ON EXCEPTIONS.

INDICTMENT for keeping a drinking-house and tippling-shop from March 1, 1875, till the finding of the indictment, at the September term following; also an indictment for being a common seller of intoxicating liquors. Two cases covering the same time, supported by the same evidence and followed by the same verdict and exceptions, considered together.

To sustain the charge, the state offered in evidence the records of conviction of the defendant in three cases in this court for the September term, 1875, on complaints before the municipal court of Saco, where the defendant was adjudged guilty and appealed to this court at which he appeared and consented that the judgments of the court below be affirmed. One of these convictions was for illegally keeping intoxicating liquors, the two others were for single illegal sales, all within the time alleged in the indictment.

The presiding justice admitted the evidence subject to the defendant's objection.

The defendant requested the presiding justice to instruct the jury that a single sale of intoxicating liquor and allowing the same to be drank on the premises where sold, do not constitute the offense of keeping a drinking-house and tippling-shop. This instruction, the justice declined to give and said, I give you only the words of the statute.

The verdict was guilty; and the defendant alleged exceptions.

*R. P. Tapley*, for the defendant.

The evidence shows that, on the 31st day of May, A. D. 1875, intoxicating liquors were found upon the premises of the respondent intended for sale and were seized and carried away. These of course were not sold.

It further shows that upon the fifth day of July, 1875, the respondent sold one gill of intoxicating liquor to some person whose name was unknown to the complainant, and that on the 20th day of September, 1875, the respondent sold to W. M. C. Philips one glass of intoxicating liquor.

We submit that this evidence is incompetent to convict of the charge of keeping a drinking-house and tippling-shop; 1, Because it is no evidence that the liquors were drank upon the premises where sold or that they were sold in any vessel, building or boat; and 2, Because the presumption is that the whole offense committed by the act charged was set out in the complaints recited.

The statute provides that "if any person shall sell any intoxicating liquors in any building, vessel or boat in this state contrary to the provisions of law, and the same are there drank, he shall be deemed and held guilty of keeping a drinking-house and tippling-shop."

The offense is keeping a drinking-house and tippling-shop. The indictments which have been before this court and sustained in matter of form and substance have laid the offense with a *continuando*. This practice as well as the name of the offense suggests to every mind something more than a single sale of liquor and the same being drank upon the premises. Without this statute such an occurrence would never be held as keeping a tippling-shop. The idea of a single individual being guilty of tippling by a single act, in all his life, of drinking a glass of cider, wine, or indeed any intoxicating liquor is preposterous. No matter what the legislature calls it, it is not "tippling."

Words and phrases are to be construed according to the common meaning of the language. R. S., c. 1, § 4.

Whatever force may be attached to the docket entries, they only show two sales. One proceeding was for search and the others were sales. The record of former conviction was not within the

time named in the indictment. At the time of the trial in these cases, judgment had not been rendered in the cases put in evidence. Defaults had been entered and docket entries made. Since then the judgments have been extended as printed in this report. No sentence had been imposed or performed when the proceedings were introduced in evidence. Until sentence imposed the judgment of conviction has not taken place. That is the judgment of conviction. *Green* v. *Commonwealth*, 12 Allen, 155, 165. *Com.* v. *Richards*, 17 Pick. 295, 296.

*L. A. Emery*, attorney general, for the state.

I. Tippling-shop. The sufficiency of the evidence can only be considered on the question of a new trial. Exceptions or motion in arrest of judgment can only present the question of competency or admissibility. Any particular bit of testimony may be competent and admissible though by itself it would not warrant a conviction. The testimony reported tends to prove part of the charge, the selling of the liquor and the having liquor in a shop. I presume the county attorney proved by proper evidence the balance. The verdict shows that.

The ruling of the judge was right; the requested ruling was wrong. The statute says, "If any person shall sell any intoxicating liquors," &c. One glass is "any."

II. Common-seller. The sufficiency of the evidence is not the question. The admissibility of the evidence is. Evidence may be admissible which may be insufficient unless supported by other evidence. One fact may not be enough, while a chain of facts may. Each fact would be admissible as offered.

The objection that the records were incompetent, that they did not tend to prove the issue, must certainly be overruled. The defendant's pleading guilty twice to charges of selling liquor or having liquor for sale, certainly tends to prove him a common-seller. It is a step in that direction.

The objection that judgment of conviction had not been entered up cannot be taken here, for the case shows that judgment had been entered, sentence imposed and the fine paid. Counsel very likely is right in his statement, but that cannot change the case as before the court.

Further, judgment of conviction is not necessary. The confession, the default, the plea of guilty, is evidence that the defendant did have the liquor, and did sell the liquor. The government gets all it wants out of the plea or default, and does not care to show that the defendant was punished.

*R. P. Tapley,* in reply, admitted that it would have been better to have used the word "sufficient" or "insufficient" than the word competent. But taking the sentence together, it means the same. It was its competency to "sustain" the issue raised that was in question, not its admissibility. The exceptions state in one case that, "to sustain the charge the government offered in evidence the records in three several cases," &c.; in the other the phrase is "to sustain the issue raised."

These judgments had a certain legal effect. What that effect was, was a question for the court. If giving to these judgments all their legal effect they were insufficient to maintain the issue, there has been a mis-trial; and the only way to avoid giving the party a proper trial is to send the case off upon some verbal criticism upon the exceptions.

APPLETON, C. J. The defendant was indicted for keeping a drinking-house and tippling-shop and as a common seller.

The records of three judgments rendered against him, in all which he had pleaded guilty, had been sentenced and had paid the several fines and costs imposed upon him, were received in evidence. Two of the judgments were for single sales and the other upon a search and seizure complaint. These judgments were properly receivable in evidence.

The construction to be given them, if any doubt arose, was for the court. Their force and effect and the inferences to be drawn from the facts established by them were for the jury.

The counsel for the respondent requested the presiding judge to instruct the jury that a single sale of intoxicating liquor, and allowing the same to be drank upon the premises where sold, do not constitute the offense of keeping a drinking-house and tippling-shop.

This instruction the court declined to give and rightly. The

defendant had pleaded guilty to two complaints of single sales and one for keeping liquors intended for sale in his inn in violation of law. The instruction requested was not based upon the evidence. It was purely hypothetical and not applicable to the evidence before the jury. It was properly refused for that cause.

Further, the statute was given as the rule of law and that embraced all that was required for the jury.

Whether there was other evidence than the records introduced is immaterial, as the questions presented relate to rulings given at the trial, not to the sufficiency of proof. *Exceptions overruled.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.